UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HERBERT COLEMAN | CIVIL ACTION |
| VERSUS | NO. 17-3128 |
| BP EXPLORATION & PRODUCTION, INC., *et al.* | SECTION M (5) |

### ORDER & REASONS

Before the Court is a motion by defendants BP Exploration & Production Inc., BP America Production Company, and BP p.l.c. (collectively, "BP") for summary judgment.[1] The motion was set for submission on August 11, 2022.[2] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, which deadline in this instance was August 3, 2022. Plaintiff Herbert Coleman, who is represented by counsel, did not file an opposition. Accordingly, because the motion is unopposed and appears to have merit,[3]

---

[1] R. Doc. 47. Defendants Haliburton Energy Services, Inc., Transocean Offshore Deepwater Drilling, Inc., Transocean Holdings, LLC, and Transocean Deepwater, Inc. join in the motion. *Id.* at 1 n.1.

[2] R. Doc. 47-4.

[3] This toxic-tort case arises out of the Deepwater Horizon oil spill that occurred on April 20, 2010. Coleman filed this suit in 2017, alleging that toxic exposures from the oil spill, oil-spill response, or cleanup caused him to develop medical conditions, including headaches, dizziness, shortness of breath, nausea, diarrhea, chest congestion, abdominal pain, eye irritation and burning, sinus pain, nasal congestion and discharge, throat irritation, skin issues including boils, dryness, inflammation, itching, peeling, and scaling. R. Doc. 1-1 at 5. Coleman's case, which was originally part of the multidistrict litigation ("MDL") arising out of the Deepwater Horizon incident and known as a "B3" case, was severed from the MDL and reallotted to this section of court. R. Docs. 6; 7; 39. On September 20, 2021, this Court entered a scheduling order that set July 7, 2022, as Coleman's expert disclosure deadline. R. Doc. 31 at 1. To date, Coleman has not designated any experts. R. Doc. 47-1 at 3. A B3 plaintiff must prove that exposure to oil, a chemical, or other substance legally caused his or her physical condition. Generally, "'when the conclusion regarding medical causation is not one within common knowledge, expert medical testimony is required to prove causation.'" *Cibilic v. BP Expl. & Prod.*, 2017 WL 1064954, at *2 (E.D. La. Mar. 21, 2017) (quoting *Lassiegne v. Taco Bell Corp.*, 202 F. Supp. 2d 512, 524 (E.D. La. 2002)). Expert testimony is required to establish causation in toxic-tort cases where "'[s]cientific knowledge of the harmful level of exposure to a chemical, plus knowledge that the plaintiff was exposed to such quantities, are minimal facts necessary to sustain the plaintiffs' burden'" of proof. *Seaman v. Seacor Marine L.L.C.*, 326 F. App'x 721, 723 (5th Cir. 2009) (quoting *Allen v. Pa. Eng'g Corp.*, 102 F.3d 194, 199 (5th Cir. 1996)). Because he did not timely designate any experts, Coleman cannot present the expert testimony required to prove his claim. The Court notes that, before BP filed its motion for summary judgment,

IT IS ORDERED that BP's motion for summary judgment (R. Doc. 42) is GRANTED, and Coleman's claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 4th day of August, 2022.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

Coleman filed a motion to delay the Court's ruling on any dispositive motions and halt discovery until plaintiffs' counsel concludes B3 docket-wide discovery regarding BP's alleged failure to conduct dermal monitoring and biomonitoring of oil-spill workers, arguing that such discovery will aid the Court in understanding why plaintiff's medical expert Dr. Jerald Cook could not analyze dose-response data. R. Doc. 46. Coleman's motion does not, however, seek reinstatement of the expert report deadline, which had already passed. Thus, his motion to continue can provide no meaningful relief, and BP is entitled to summary judgment in its favor.